**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carla Jo Johnson, | No. CV-19-04887-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Carla Johnson's Application for Disability Insurance benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 17, "Def. Br."), and Plaintiff's Reply (Doc. 18, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 12–31) as upheld by the Appeals Council (R. at 1–6).

**I.    BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits on August 18, 2015, alleging disability beginning on June 14, 2015. (R. at 15.) Her claim was denied initially on November 10, 2015, and upon reconsideration on March 17, 2016. (*Id.*) On February 13, 2018, Plaintiff appeared at a hearing before the ALJ. (*Id.*) On May 31, 2018, the ALJ

denied Plaintiff's Application, and on June 7, 2019, the Appeals Council denied Plaintiff's Request for Review. (*Id*. at 1–6, 12–31.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: coronary artery diseases with arrhythmias, status-post 2005 myocardial infarction and subsequent stenting of a coronary artery and the right common iliac artery; history of peripheral vascular disease with 2011 stenting of the right femoral artery; hypertension; degenerative changes to the lumbar spine; and obesity. (*Id*. at 17.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from June 14, 2015 through the date of the decision. (*Id*. at 26.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 20.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC") and found that she can perform "light work as defined in 20 CFR 404.1567(b) except as follows. She can occasionally stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds. She can frequently balance. She must avoid concentrated exposure to extreme temperatures and to hazards, such as unprotected heights and moving machinery." (*Id*. at 21.) Accordingly, the ALJ found that Plaintiff is able to perform her past relevant work as a cashier/checker. (*Id*. at 25.)

**II.    LEGAL STANDARDS**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the

1 Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. ANALYSIS**

Plaintiff raises three primary issues for the Court's consideration. First, Plaintiff argues that the ALJ erroneously rejected the medical opinions of Plaintiff's treating nurse practitioner and treating physician. (Pl. Br. at 1, 11–15.) Second, Plaintiff argues the ALJ erroneously rejected her symptom testimony. (*Id.* at 1.) Third, Plaintiff argues that the ALJ erroneously rejected the testimony of several lay witnesses.

For the reasons that follow, the Court rejects Plaintiff's first two arguments and

finds that the Court correctly evaluated the medical opinions of records and Plaintiff's symptom testimony. Further, the Court finds that the ALJ's rejection of the lay witness testimony was erroneous but harmless. Therefore, the Court finds that the ALJ's decision is supported by substantial evidence and the Court affirms the ALJ's nondisability determination.[1]

>    **A.    The ALJ properly evaluated the medical evidence, including the opinions offered by Plaintiff's treating nurse practitioner and treating physician.**

Plaintiff's treating physician, Dr. Kristine Sellberg, and Plaintiff's treating nurse practitioner, Karen Hannah ("NP Hannah"), FNP, both offered opinions regarding Plaintiff's functional limitations, which the ALJ rejected. (R. at 24.) The Court finds that ALJ provided adequate reasons for rejecting these medical opinions and the ALJ's reasons are supported by substantial evidence.

>    **1.    The ALJ properly rejected Dr. Sellberg's opinion because of her brief treatment relationship with Plaintiff and because the medical evidence did not corroborate her extreme opined-to-limitations.**

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. 20 C.F.R. § 404.1527(c). If a treating physician's

---

[1] Plaintiff additionally argues that the ALJ improperly relied on vocational expert testimony that did not take into account all of Plaintiff's functional limitations that are supported by the evidence. (Pl. Br. at 1–2, 20–21.) However, this argument depends on the Court's acceptance of Plaintiff's other arguments. Because the Court rejects those other arguments, her final argument necessarily fails.

- 4 -

opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion without providing specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Dr. Sellberg opined that Plaintiff has extreme functional limitations, however her opinion is unsupported by the medical evidence and is based off a brief treatment relationship. (R. at 1177–81.) Dr. Sellberg offered her opinion on January 29, 2018, however her first visit with Plaintiff was one month prior on December 19, 2017. (*Id*. at 1177, 1181.) See C.F.R. § 404.1527(c)(2)(i) (providing that ALJs may properly consider the length of the treatment relationship and the frequency of examination in evaluating the weightiness of a treating physician's opinion). Moreover, Dr. Sellberg acknowledged that she did not have sufficient information to come to certain conclusions regarding Plaintiff's functionality.[2] She stated it was "unknown at this time" to what degree Plaintiff can tolerate work stress. (*Id*. at 1178.) Significantly, she did not know whether Plaintiff is a malingerer. (*Id*. at 1177.) Finally, as the ALJ correctly identified, though Plaintiff's medical records revealed some symptoms stemming from her impairments, the medical evidence does not support the existence of limitations to the extent opined by Dr. Sellberg. (*Id*. at 24.) Accordingly, the ALJ correctly discounted Dr. Sellberg's opinion.

**2. The ALJ properly rejected NP Hannah's opinion because it was unsupported by the objective medical evidence, including NP Hannah's own treatment records.**

Nurse practitioners do not qualify as "acceptable medical sources" and are instead defined as "other sources." 20 C.F.R. § 404.1513(d)(1). An ALJ "may discount testimony from these 'other sources' if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

---

[2] Dr. Sellberg's acknowledgments that she did not have sufficient information to come to certain conclusions counter Plaintiff's argument that Dr. Sellberg's limited treatment history is a non-issue since she had the opportunity to review Plaintiff's medical history before issuing her opinion. (Pl. Br. at 14.)

- 5 -

The ALJ rejected NP Hannah's opinion because "the deficits [she] assessed contrast with the findings contained in her own treatment notes." (R. at 24.) The Court agrees and finds that the ALJ's conclusion is supported by substantial evidence. Although the medical evidence supports the existence of some limitations due to Plaintiff's impairments, it does not support the existence of limitations to the extent opined by NP Hannah. (*Id*. at 956–61, 969–74; 980–86, 990, 1147, 1151, 1154; 1203–06.) Additionally, NP Hannah also found that medication, including medical marijuana, worked well to control her symptoms. (*Id*. at 977, 980, 1159, 1161.) Significantly, NP Hannah "[i]nformed [Plaintiff] that her symptoms are most likely due to diabetes and it is pertinent for her to keep her blood glucose under control through exercise and diet." (*Id*. at. 1206.) Although Plaintiff correctly identifies that some of the medical evidence supports NP Hannah's opinions, "substantial evidence" is a low threshold and substantial evidence supports the ALJ's interpretation of the evidence. (Pl. Br. at 12.) *See Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009.) Ultimately, the ALJ's decision to reject NP Hannah's opinion was a correct one, even though Plaintiff's "cardiac issues are also well documented in the record." (Pl. Br. at 12.)

**B.   The ALJ provided sufficient reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony and the ALJ's erroneous rejection of the lay witness testimony was harmless error.**

Plaintiff and four lay witnesses provided testimony regarding Plaintiff's functional limitations, which the ALJ rejected for several reasons. (R. at 35–60, 186–93, 261–81.) The ALJ rejected Plaintiff's testimony because she "has been unwilling to make lifestyle changes that will benefit her health," and because her "impairments are well-managed with conservative treatment." (*Id*. at 22–23.) Further, the ALJ rejected the lay witness testimony because the lay witnesses apparently do not have medical training and because the medical evidence does not corroborate the testimony. (*Id*. at 25.) The Court finds that the ALJ correctly rejected Plaintiff's symptom testimony and erroneously rejected the lay witness testimony, but that error was harmless.

An ALJ performs a two–step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

The ALJ correctly rejected Plaintiff's testimony based on her failure to comply with the treatment recommendations of her treatment providers. *See Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (reiterating that a failure to follow a prescribed course of treatment weighs against a claimant's credibility). Plaintiff was repeatedly instructed to make lifestyle changes regarding her diet, exercise, and smoking, and she repeatedly refused to do so. (R. at 858, 907, 961, 975, 990, 1156, 1167.) Plaintiff argues that she was unable to purchase the recommended foods, however this argument apparently refers to a single instance where Plaintiff claimed that she could not afford an artificial sugar substitute. (*Id.* at 1156.) But this same record also indicates that she was unwilling to decrease her sugar-intake or increase her exercise, so Plaintiff's argument does not fully address the ALJ's finding. Plaintiff also argues that there is no guarantee that the recommended treatment measures would have helped her. (Pl. Br. at 17.) However, a guarantee of improvement is not a required prerequisite before the ALJ may reject her testimony due to non-compliance. Instead, her failure to follow treatment

recommendations *itself* demonstrates that her symptoms were not as severe as alleged, *i.e.*, if her symptoms were as severe as alleged, then she would have followed the prescribed treatment.

Similarly, the ALJ correctly identified that the medical evidence demonstrates that Plaintiff's symptoms were adequately managed with conservative treatment. (R. at 23.) Although this reason alone is insufficient to reject a claimant's testimony, it was an appropriate consideration and bolsters the ALJ's other rationale. As discussed above, and as the ALJ noted, the medical evidence supports the existence of some limitations but not to the extent Plaintiff's alleges. (*Id*.) The evidence reveals that Plaintiff's impairments are well-managed with medication. (*Id*. at 700, 907, 1159, 1184.) Notably, June 2017 X-rays revealed that her spinal impairments were "mild," and the "findings [we]re less than expected for the [Plaintiff]'s age." (*Id*. at 1119.) Furthermore, Plaintiff repeatedly denied issues with her activities of daily living. (*Id*. 1121, 1124, 1128, 1135.) Accordingly, substantial evidence supports the ALJ's rejection of Plaintiff's symptom testimony.

Contrarily, the ALJ erred by rejecting the lay witness testimony, but that error was harmless. First, an ALJ must consider lay witness testimony even if it is unsupported by the medical evidence. *See, e.g., Smolen*, 80 F.3d at 1289. Similar to a claimant's symptom testimony, lay witness testimony is valuable precisely because it can reveal limitations or observations not captured by the medical evidence. Second, a lay witness need not be medically trained to provide testimony about a claimant's ability to work. *See* 20 C.F.R. § 404.1513(d) (providing that lay witness testimony may be introduced "to show the severity of [the claimant's] impairment(s) and how it affects [her] ability to work"); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir.1993). Nevertheless, where the ALJ improperly rejects lay witness testimony but properly rejects a claimant's symptom testimony for reasons equally applicable to the lay witness testimony, the error is harmless. *See Molina*, 674 F.3d at 1117. Such is the case here. Plaintiff, her husband, and her in-laws all testified to substantially similar limitations, and the sound analysis the ALJ provided for rejecting

Plaintiff's symptom testimony is equally applicable to the lay witness testimony. Therefore, the ALJ's error was harmless.

## IV. CONCLUSION

Substantial evidence supports the ALJ's nondisability determination. The ALJ properly evaluated the medical opinions of record, including Dr. Sellberg's and NP Hannah's. Furthermore, the ALJ correctly evaluated Plaintiff's symptom testimony and committed only harmless error in rejecting the lay witness testimony.

**IT IS THEREFORE ORDERED** affirming the May 31, 2018 decision of the Administrative Law Judge (R. at 12–31), as upheld by the Appeals Council (R. at 1–6).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 12th day of August, 2020.

Douglas L. Rayes
United States District Judge